IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY E.S. ALIAHMED and <br> MOHAMED ALIAHMED, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Civ. No. 20-991-LPS <br> : |
| SARAH VANES, et al., | : <br> : |
| Defendants. | : |

Kelly E.S. Aliahmed, Sussex Correctional Institution, Georgetown, Delaware, and Mohamed Aliahmed, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiffs.

## MEMORANDUM OPINION

May 27, 2022
Wilmington, Delaware

STARK, U.S. Circuit Judge:

## I. INTRODUCTION

Plaintiffs Kelly E. S. Aliahmed ("K. Aliahmed"), an inmate at the Sussex Correctional Institution in Georgetown, Delaware,[1] and Mohamed Aliahmed ("M. Aliahmed"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware (together "Plaintiffs"), filed this action pursuant to 42 U.S.C. § 1983.[2] (D.I. 1) Both Plaintiffs appear *pro se* and K. Aliahmed has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally

---

[1] K. Aliahmed was housed at the James T. Vaughn Correctional Center in Smyrna, Delaware, when she commenced this action.

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a Plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to

2

state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

#### A.   42 U.S.C. 1983

The Complaint names 26 Defendants, contains numerous claims, and seeks compensatory and injunctive relief. Plaintiffs allege malpractice, deliberate indifference to medical needs, conspiracy, retaliation, religious harm, physical and verbal abuse, destruction of property, marital attacks, and denial of treatment programs.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir.

3

2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S.Ct. 2042 (2015). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The allegations here are insufficient to state a civil rights action against Defendants. The Complaint does not sufficiently allege each defendants' personal involvement in any of the alleged violations. Instead, the Complaint raises the claims in a conclusory manner without facts, such as when, where, or how the alleged violations occurred. *See Pettis v. Everhart*, 2021 WL 1664111, at *1 (3d Cir. Apr. 28, 2021) (citing *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) ("To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (civil rights complaint must allege facts identifying the "conduct, time, place, and persons responsible"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (plaintiff cannot rely solely on respondeat superior as theory of liability). Merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

In addition, the Complaint refers to "defendants" with footnotes that name Defendant(s) for each claim, but the allegations do not refer to specific actions taken by a particular defendant. Finally, in the few instances where the body of the Complaint refers to actions taken by a specific defendant, the Complaint does not indicate when the alleged wrongful acts took place. (*See e.g.*, D.I. 1 at ¶¶ 12, 20 (alleging Heidi Holloway interfered with K. Aliahmed's early release and placement in treatment programs); *id.* ¶ 20 (alleging Deputy Attorney General George Lees advised his client to deny K. Aliahmed's rights during disciplinary proceedings))

4

Because the Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiffs will be given leave to amend.

### B.   M. Aliahmed

M. Aliahmed is a *pro se* litigant who is presently incarcerated, and who filed this action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee or a request to proceed *in forma pauperis*. M. Aliahmed will be ordered to submit a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement.

## IV.   CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); and (2) require M. Aliahmed to submit a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement. Plaintiffs will be given leave to file an amended complaint.

An appropriate Order will be entered.